# CHARLESTON.

VERA AMELIA POST *v.* ASA GAIL POST *et al*

Submitted November 13, 1923.   Decided December 4, 1923.

1. DIVORCE—*Court has Authority to Dispose of Custody of Minor Children, but Change Must be Supported by Evidence.*

    In a suit for divorce, a trial court, upon granting a divorce, has authority to make disposition of the custody, care and maintenance of the minor children of the parties; but a decree changing the possession and custody of the children should be supported by evidence.   (p. 157).

2. SAME—*Awarding Five-Year-Old Child to Father, Who Denies Paternity, Without Evidence, Held Error.*

    Where in such a case, the court, deprives the mother of the possession of her infant child, aged five years, and awards its custody, care and maintenance to the father, without evidence showing or tending to show where or how the child will be cared for, the decree should be reversed and proper inquiry made, and especially so where the father is employed in a distant state, and has either expressly or impliedly denied that he is the child's father.   (p. 157).

3. SAME—*Court Should Require Father to Support Child Awarded to Mother, Who is Without Means.*

    It is the duty of the father to provide for the support of his minor children; and where the court has, in a divorce suit, temporarily awarded the custody and care of an infant to the mother, who is without means of support, it should, where the father has ample means, require him to furnish means for the maintenance of the child while in the care of its mother.   (p. 157).

4. SAME—*Denial by Father that Children Are His Should be Considered in Awarding Their Custody.*

    In a suit for divorce, involving the custody of minor children, the denial of the husband that he is the father of the

children is a circumstance that should be given due weight
in awarding their custody.    (p. 157).

Appeal from Circuit Court, Harrison County.

Suit for divorce by Vera Amelia Post against Asa Gail Post
and others, with cross-bill by defendant named.    Decree for
defendants, and plaintiff appeals.

*Reversed in part.    Remanded.*

*John Ross, Jr.,* and *Law & McCue* for appellant.
*Guy H. Burnside* and *Melvin G. Sperry,* for appellees..

MEREDITH, JUDGE :

Vera Amelia Post instituted a suit in the circuit court of
Harrison County seeking a divorce from her husband on the
ground of desertion.    Defendant filed his answer and cross-
bill, denying plaintiff's allegations of desertion and aban-
donment, and praying for a divorce from his wife on statutory
grounds.    Oral testimony was taken by depositions and be-
fore the court, and upon full hearing, the court awarded
defendant a divorce from the bonds of matrimony, awarded
the temporary care, custody and maintenance of the infant
son, aged eleven months, to the plaintiff, and awarded the
custody and maintenance of the infant daughter, aged five
years, to the defendant.    The court reserved the right to
award the custody of the infant son to the defendant if at
any time it appeared advisable so to do.    Plaintiff moved the
court to require defendant to pay plaintiff such sums as it
should deem proper for the care of the infant son; this mo-
tion was overruled.

Plaintiff appeals from this decree and order, urging as
errors :

1.  That the court erred in awarding defendant a di-
    vorce.
2.  That it erred in not granting plaintiff a divorce, as
    prayed for.
3.  That it erred in awarding the custody of the infant
    daughter to defendant, and,
4.  That it erred in refusing to require defendant to
    provide maintenance for the infant son.

Other reasons assigned relate to the admission of testimony, but since the record discloses ample evidence upon which to support the circuit court's decree, aside from that to which plaintiff objects, we think it entirely unnecessary to dwell upon the questions raised in that connection.   The evidence tends strongly to support the decree of divorce; it will therefore not be reversed.

The chief question for our consideration, as we view the record, relates to the disposition, care and support of the minor children, a daughter aged 5 years, and a son, aged 11 months, at the date of the decree.   As above stated, the older child was awarded to the father, the defendant, and the younger was awarded temporarily to the mother, with no provision for its maintenance by the father.   While section 11, chapter 64, Barnes' Code, 1923, gives the court a wide discretion in providing for the care and support of the children of divorced parents, the facts here are that the father, the one primarily liable for the care of the children, admits that he receives a salary of $270 per month; the mother testifies that her only means of support for the child consists of the contributions of her husband, and that is not denied.   It is manifestly the defendant's duty, therefore, to make provision for the support of his son while in the temporary custody of the mother, and failure to require him to make such provision was clearly erroneous.   The doubts which defendant expresses as to the legitimacy of both the children, more especially the younger, have no substantial foundation, so far as the record shows, and we can not question the lawful paternity, of either of them.

Returning to the matter of their custody, the law for many years was well settled that the father was the natural guardian of his children, and, generally speaking, was prima facie entitled to their custody in case of divorce.   As pointed out in the case of *Boos* v. *Boos,* 93 W. Va. 727, 117 S. E. 616, section 7, chapter 80 of the Acts of the Legislature of 1921 places the parents on an equal footing as respects their rights to the custody of their minor children.   That act, carried into the present Code, as sec. 7, ch. 82, Barnes' Code, 1923, makes it very clear that the court shall award the minor

children to whichever parent seems best suited for the trust, and that the right of neither shall be deemed paramount.

Here the trial court thought best to place the eleven months old son in the custody of his mother, at least temporarily, and upon the record before us, that decision seems justified and reasonable. As we said in the Boos case, *supra,* and in other cases, at such a tender age "a mother's care and ministrations are almost indispensable." In addition, the father has indicated his lack of interest in the child by expressing his doubts as to its legitimacy, and says he feels no obligation with respect to its support. With the welfare of the child as the supreme consideration, it would, we think, have been folly to have separated it from its mother.

The same consideration, the welfare of the child, must govern the case of the five year old daughter also. A mother's care and affection are scarcely less essential to her well being and happiness, and the mother appears willing to assume that responsibility. The father says that if he supports the daughter he wants her in his possession, but that he doesn't know that he wants her, that there is a question in his mind whether he is obligated to care for her. These expressions bode ill for the child's future. Yet it is urged in various phases of this case, though it is not strongly argued on the question of the right to the daughter's custody, that we should give peculiar weight to the trial court's decision upon the evidence, since that court observed and heard the witnesses. That this is really a strong argument on all matters of fact is well established by our decisions. However, we see cogent reasons why it is not applicable to that part of the present decree awarding the daughter to the father's possession. Aside from the proof that defendant earns a salary of $270 per month, there is not one item of testimony as to his ability or facilities for caring for and rearing a daughter as she should be. He was, at the time of this suit, engaged in the oil well drilling business in the state of Texas, apparently separated from other near relatives and family connections. More than that, he expresses some doubt as to the lawful paternity of the daughter and is but half-hearted in his willingness to make provision for her maintenance. However much the court may have been impressed with defendant's

demeanor and conduct at the trial, those observations must have been almost, if not quite, wholly confined to the testimony on the divorce issue alone. There was no evidence relative to defendant's intentions or facilities relative to the care of his daughter, and the court could not from the mere demeanor of the defendant have had sufficient evidence before it to warrant its decree relative to the child's disposition. As stated in the Boos case, such conditions and circumstances may develop from time to time as would warrant the court in entering new orders relative to the welfare of the children. To make this possible it may be necessary for the circuit court to require both children to be kept within its jurisdiction. Our conclusion is that, to ascertain properly which of the parents is entitled to the possession of the five year old daughter, this case must be remanded to the circuit court that it may investigate more fully the facts relative to defendant's and plaintiff's willingness, abilities and facilities to care for her. Of course, the defendant, the father, must bear the expense of the maintenance of both the children, whether they be in his or their mother's possession. This is our practice in other cases where the merits have not been properly developed upon the vital issues involved. *Hummel v. Marshall*, decided this term. Of course, if circumstances have arisen since the entry of the decree in this case, caused by the conduct of the mother, which would render her guardianship of the eleven months old son undesirable, those circumstances too should be investigated, and our former statements that the mother should be awarded his possession should not and would not govern. Unless some such circumstances have arisen however, we think the mother is entitled to the custody of her son.

Our conclusion is to reverse the decree of the circuit court insofar as it awards custody of the five year old daughter to the defendant, and insofar as it fails to provide that defendant shall furnish support for the infant son, and that the cause be remanded to the circuit court for further inquiry and investigation in the manner suggested in this opinion.

*Reversed in part.     Remanded.*