# CHARLESTON.

ALONZO M. SNYDER v. J. J. BREITINGER et al.

and

JOSEPH R. CURL, Admr. v. J. J. BREITINGER et al.

(Nos. 5893-5892)

Submitted September 8, 1927.    Decided September 13, 1927.

1. PROCESS—*Personal Service on Non-resident Outside State Has Same Effect as Order of Publication Duly Posted and Published Against Him (Code, c. 124, §13).*

   By Section 13 of Chapter 124 of the Code, personal service made on a non-resident defendant outside of this State has the same effect as an order of publication duly posted and published against him.    (p. 124.)

   (Process, 32 Cyc. p. 489.)

2. GARNISHMENT—*Dismissing Attaching Creditor's Suit for Failure of Record to Show Indebtedness by Garnishee to Him is Error.*

   While an attaching creditor can have no judgment or decree against the garnishee until he has first established his claim against his debtor, it is error to dismiss his suit on the ground that the record shows no indebtedness by the garnishee to the attaching creditor.    (p. 125.)

   (Garnishment, 28 C. J. §§ 476 [Anno], 482.)

3. SAME—*Where Through Mistake Depositions Were Not Properly Before Court, and Existence of Evidence to Support Decree for Plaintiff Was Strongly Probable, Dismissing Attachment Suit Held Error.*

   Where through mistake of counsel or the parties to the suit, under misapprehension of law, depositions are not properly before the court, and it appears from the record that there is a strong probability of the existence of evidence to support a decree for plaintiff, it is error to dismiss the suit without giving the plaintiff an opportunity to make out his case.    (p. 126.)

   (Garnishment, 28 C. J. § 476 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Ohio County.

Suit by Alonzo M. Snyder against J. J. Breitinger and others, consolidated on appeal with suit by Joseph R. Curl,

administrator, against J. J. Breitinger and others.   From decrees of dismissal, plaintiffs appeal.

*Reversed and remanded.*

*Erskine, Palmer & Curl,* for appellants.

*Wright Hugus, J. E. Bruce* and *Schmidt, Hugus & Laas,* for appellee La Belle Iron Works.

MILLER, JUDGE:

These two causes are dependent on the same facts, set forth in the former opinion of this Court by Judge Woods upon a former appeal in the first entitled cause.   100 W. Va. 93. As there appears, that appeal was from two decrees quashing three separate attachments.   As to the order quashing the first two, the appeal was dismissed as improvidently awarded, the statute of limitations having run against that appeal when allowed.   We therefore limited our consideration of the cause to the decree of February 14, 1925, quashing the third attachment, but which refused to dismiss the suit on the motion of the La Belle Iron Works, resident defendant and garnishee, served with process, holding for reasons stated that the suit on the bill filed was further maintainable as one for discovery and accounting against all parties, and reversed the decree quashing the third attachment.

The present appeals are from decrees in each case, pronounced August 23, 1926, dismissing the two causes.   "This cause came on again to be heard this 23rd day of August, 1926, upon process duly served as to the bill and amended bill against La Belle Iron Works and Dollar Savings & Trust Company, but not served within the jurisdiction of this court as to defendants William Greif, J. J. Breitinger and W. J. Curn, and upon the appearance of the defendant Joseph R. Curl, Administrator of the Estate of William D. Forsyth, by counsel, upon the papers heretofore filed, upon the orders of attachment heretofore issued and served upon the defendants, Dollar Savings & Trust Company and La Belle Iron Works, upon the proceedings at rules and the orders entered in court, upon the proceedings before Henry H. Pendleton, Special Commissioner, and his report thereon, upon the argu-

ment of counsel; and it appearing to the court that process as to the defendants, Curn, Breitinger and Greif, was personally served upon each of them in the State of Ohio, but not served personally on any of them within the State of West Virginia; *and it further appearing that the defendants Dollar Savings & Trust Company, and La Belle Iron Works, are not personally indebted to the plaintiff in any sum of money whatsoever, and that at the time of the service of the third order of attachment on January 4th, 1923, as to the defendants, Dollar Savings & Trust Company, and La Belle Iron Works, that Curn, Breitinger and Greif had been dismissed by order entered May 5, 1922, and there was nothing by either of said defendants to any of the defendants, Curn, Breitinger and Greif, and payable in the State of West Virginia on which said process of garnishment could attach.* It is accordingly adjudged, ordered and decreed, that this cause be dismissed at the costs of the plaintiff.''

It will be observed from the parts of the decree which we have italicized, the grounds of the court's action were:

First; that though personally served with process in Ohio, the absent defendants were not served in West Virginia.

Second; that the Dollar Savings & Trust Company and La Belle Iron Works, defendants and garnishees, were not personally indebted to the plaintiff in any sum of money whatsoever.

Third; that at the time of service of the order of attachment of January 4, 1923, as to defendants Dollar Savings & Trust Company and La Belle Iron Works, the non-resident and principal defendants Curn, Breitinger and Greif had been dismissed by order of May 5, 1922; and that there was nothing_____by either of said defendants to any of the defendants, Curn, Breitinger and Greif, and payable within the State of West Virginia on which process of garnishment could attach.

Because of the nature and purpose of the suits, as disclosed by the pleadings and the opinion delivered on the former appeal, it is quite manifest that the fact that the non-resident defendants had not been served with process in West Virginia was not justification for dismissing the suits—suits in

equity for discovery and accounting and upon attachment. We adjudged on the former appeal that notwithstanding the quashing of the first attachments, the suit was further maintainable for further pleadings and attachments. And at the time of our former decision the causes had been referred to Commissioner Pendleton, and he had taken testimony and made up his report thereon, true, as the record seems to disclose, without process on or notice to the non-resident defendants; and the defendant La Belle Iron Works, against whom the original bill had been taken for confessed, has since answered the bill through its successor, Wheeling Steel Corporation. The bills did not predicate right to relief against them upon any theory of personal indebtedness by these resident defendants to plaintiffs, except as trustees perhaps with notice of their rights against the non-resident defendants, and as holders of money in which plaintiffs had an equitable interest, so that dismissal of the suits could not have been properly predicated on that conclusion of the court.

At the time the final decrees before us were pronounced, the non-resident defendants were before the court upon process on the amended bill, and on the order of attachment held valid on the former appeal, served upon them in Ohio, the equivalent of publication; and there was in the record the report of Pendleton, Commissioner, and the evidence taken before him, and the answer of the Wheeling Steel Corporation; from all of which, if they could be read and considered against the principal non-resident defendants, the plaintiffs might now be entitled to some money decree against the resident defendants and garnishee—a question which we do not now decide.

After the filing of the amended bill and the suing out of the third order of attachment, plaintiffs took no evidence to establish the fact of the contracts pleaded and relied on against the non-resident defendants. The right to recovery and any decree against the resident defendants depended, not on any contract with them, but upon the question whether or not they had any such contracts as they alleged with Curn, Breitinger and Greif; for there can be no judgment against the garnishee before judgment for the plaintiff against the

defendant. *Withers* v. *Fuller*, 30 Gratt. 547; *Coda* v. *Thompson*, 39 W. Va. 67.

The circuit court seems to have based its decrees on the findings of the commissioner, that the non-resident defendants were not before the court at the time, and that the resident defendants, the garnishees, owed nothing to the plaintiffs. It is true the non-resident defendants had been dismissed from the suits by orders of May 5, 1922, and were not brought in again until served with process in the State of Ohio, in November 1923, after the filing of the amended bill on October 26, 1923. And during this interval the commissioner took all the evidence filed in the causes and made up his report thereon, without process on the non-resident defendants, or notice to them. This evidence could not therefore be considered in adjudicating the rights of the non-resident defendants, not before the court; but an inspection of the record discloses the fact that evidence probably exists to establish the contracts relied on by plaintiffs; and the commissioner reported that the evidence before him did establish such contracts. In view of the facts apparent on the record, the lower court should not have dismissed the suits at the instance of the resident defendants, but should have remanded the causes to the commissioner, to give plaintiffs opportunity, with all the parties before the court, to adduce evidence of their claims against the non-resident defendants. In a number of cases, both at law and in equity, we have held that where there is a strong probability of the existence of evidence to support a verdict or finding of the court, which counsel under misapprehension of law have failed to adduce, the plaintiff should be given an opportunity by some appropriate method to make out his case. *Peabody Ins. Co.* v. *Wilson*, 29 W. Va. 528; *La Belle Iron Works* v. *Quarter Savings Bank*, 74 W. Va. 569; *Cook* v. *Raleigh Lumber Co.*, Id. 503; *Schwenck* v. *Hess*, 84 W. Va. 111; *Harrison* v. *Harmon*, 85 W. Va. 538; *Woodrum Home Outfitting Co.* v. *Adams Express Co.*, 90 W. Va. 161; *Grocery Co.* v. *Kinser*, 93 W. Va. 172.

Wherefore, we are of opinion for the reasons given, to reverse the decree below in each case, and to remand the causes

to the circuit court for further proceedings therein to be had in accordance with the principles herein enunciated and further according to the rules and principles governing courts of equity, with costs to appellants against the appellees.

*Reversed and remanded.*