WADE MARCUM, JR. *v.* MYRTIE MAE MARCUM

(No. 6847)

Submitted February 7, 1933.   Decided February 21, 1933.

*James M. Jordan,* for appellant.
*Hogg & Crawford* and *S. U. G. Rhodes,* for appellee.

KENNA, JUDGE:

Plaintiff below and appellee, Wade Marcum, Jr., sued Myrtie Mae Marcum in the circuit court of Mingo County for divorce. The summons was made returnable to April Rules, 1929, was duly executed and the bill filed at April Rules. Adultery and desertion were charged. Defendant answered, denying the allegations of the bill and charging the adultery of the plaintiff and asking cross-relief.

The court below granted plaintiff an absolute divorce together with custody of an eleven year old daughter of the union between him and defendant, and denied the relief sought in defendant's answer and cross-bill. The defendant below prosecutes this appeal.

In the brief of appellant, two grounds of reversal are set out. (1) That statutory notice to the divorce commissioner that the cause would be heard at the term of court at which it was heard was not properly given, and (2) that there was no proof that the plaintiff had been a bona fide resident of this state for one year next preceding the bringing of his suit.

The brief of appellee raises the question that a stipulation in writing, agreeing to the dismissal of this appeal, was filed here, together with the affidavit of plaintiff below, defendant in error, showing his re-marriage after six months from the date of the decree below and the birth of two children by the subsequent union.

For well recognized reasons of public policy, divorce proceedings are regarded as not being the sole and exclusive concern of the parties thereto. The state steps in and asserts its anxiety to see that this class of litigation is not permitted to sink to the level of individual interests that weigh so heavily in the ordinary business of the courts. The keenness of this concern is exemplified by policies of legislatures and the attitude of the courts toward divorce proceedings. By reason of this wise public policy, the courts take an independent inquisitorial attitude toward divorce proceedings. We are not therefore disposed to attach to a stipulation for the dismissal in this court of a divorce proceeding, the gravity

that properly should attach to such a stipulation in ordinary litigation. It is apparent that the appellant desires to prosecute her appeal. The appellee has never pursued the stipulation by appearance and motion. Without saying that the parties could not enter into a stipulation which would guide the action of this court on the question of dismissal and without casting doubt upon the *bona fides* of the stipulation filed in this case, we nevertheless believe that the ends of justice will best be served by considering the case here upon its merits.

In addition to seeking dismissal under the stipulation, the appellee insists that the cause should be dismissed under the first paragraph of Rule 11 of this court. That paragraph provides that when a case has been called for argument at four successive regular terms and upon the call at the fourth term neither party is prepared to argue the same, it shall be dismissed as abandoned, unless sufficient cause be shown for a further continuance. The appeal was granted in July, 1930, and the cause for the first time appeared regularly upon the docket of this court at the January Term, 1931. At that term, on May 20, 1931, the cause was continued, after having been left open from the date set for hearing, February 24, 1931. At the September Term, 1931, the case was set for November 3, 1931, and was continued. At the January Term, 1932, it was set for February 9, 1932, and again continued. At the September Term, 1932, it was set for September 27th, and on that date, the appellant appeared and moved its continuance, assigning grounds. On this motion, the cause was continued to the present term. It will be seen from the foregoing that the case now does not fall within the rule.

As to the notice provided by law to be given to the divorce commissioner prior to the submission of a divorce cause in the court below, it appears from the record here that the divorce commissioner actually attended the hearing. Proof was taken before the judge. Before the proof on the merits began, the divorce commissioner was placed upon the witness stand and sworn, and he testified that thirty days before the term of court next preceding the term at which the cause was heard, he had received the notice provided by law. Because the case had not been brought sixty days prior to the

term of court at which that notice was returnable (1931 Code, 48-2-23), the case was not heard at the term to which the notice was returned but submitted at the next following term. The statute (1931 Code, 48-2-25) provides that plaintiff shall give notice to the divorce commissioner thirty days before the term at which the proceeding is submitted, and shall furnish the divorce commissioner with the last known address of the defendant. The purposes of this statute are (1) to see that the divorce commissioner himself has adequate warning that the cause is to be submitted; and (2) to provide reasonable means for impartial notification to defendant of that fact. It requires a very strong set of circumstances to dispense with the necessity of formal notice in strict compliance with this statute, and a failure to give it is rarely to be excused. But if the sum total of the statute's purpose is shown to have been accomplished in a given case, then on appeal after final decree of divorce has been entered below, such decree will not be set aside simply because compliance with the statute has not been letter perfect. As has been said, the divorce commissioner attended the hearing. Both parties came to court with their witnesses, the cause was submitted after proof on both sides upon the merits, the defendant was granted a continuance for the purpose of permitting her to have all the time she needed to produce additional proof and nothing was done which might be called unfairness, undue advantage or surprise. In these circumstances, the decree below will not be set aside because the notice to the divorce commissioner was technically irregular.

The jurisdictional question of domicile gives more trouble. The bill of complaint alleges it and the answer admits it. Under the rule laid down by a divided court in *Hitchcox* v. *Hitchcox*, 2 W. Va. 435, where the fact of marriage was permitted to be established by the admissions of the pleadings, the pleadings here would be sufficient to establish domicile. In the *Hitchcox* case, the majority opinion of the court stated: "But, if any doubt could exist on the subject, the express admission in the answer of the marriage so charged, in a suit of this character, would be sufficient, notwithstanding the statute, chapter 109, section 9, code 1860, which was never intended to change the proof further than to require proof

of the adultery or other acts on which the divorce was sought; the evil which the statute was intended to guard against was collusion between the parties to escape from the bonds or obligations of the marriage, and to remove the temptation to become the witness of their own dishonor.'' Judge Edwin Maxwell disagreed with that statement of the court and filed a dissenting opinion. We believe that Judge Maxwell's dissent is based upon stronger reasoning than the majority opinion. The statute (Code 1931, 48-2-11) provides that divorce proceedings shall be heard and determined independent of the admissions of the parties in their pleadings. To hold that this statute was aimed only at the very cause of divorce and not at the jurisdictional facts necessary, seems to us to submerge one of its main purposes. Common experience forces the observation that in divorce cases jurisdiction is apt to be, perhaps more frequently than any other fact, the subject of collusion. In view of the public interest in divorce proceedings, we can see no reason for not requiring jurisdictional facts to be both pleaded and proved in strict conformity with the statute in its literal interpretation. The *Hitchcox* case is therefore expressly overruled to the extent necessary to establish that principle.

However, we do not believe that the ends of justice in this case are best subserved by reversing the decree below because of the fact that domicile for one year next prior to the institution of the suit was not definitely and positively established in the proof. That it was not so established must be admitted, although it was explicitly averred. Nevertheless, a reading of this record will disclose that the omission is probably due to mere inadvertence. The record contains proof that indicates that the required domicile of plaintiff probably did exist. For example, the witness Spalding, at page 28 of the printed record, testifies as follows: ''Q. How long has Wade Marcum lived in that *country*, do you know? A. Ever since I have known him he has been in that *country*. Q. Has he been living there for years? A. Yes.'' This and other testimony in the record hints that jurisdiction in fact existed and might have been a matter of ready proof. This court has power to remand a case, without reversal, for corrective proceedings only, where the ends of substantial justice

seem to indicate that course. "In a number of cases, both at law and in equity, we have held that where there is strong probability of the existence of evidence to support a verdict or finding of the court, which counsel under misapprehension of law have failed to adduce, the plaintiff should be given an opportunity by some appropriate method to make out his case. *Peabody Ins Co.* v. *Wilson*, 29 W. Va. 528, 2 S. E. 888; *La Belle Iron Works* v. *Quarter Savings Bank*, 74 W. Va. 569, 82 S. E. 614; *Cook* v. *Raleigh Lumber Co.*, Id. 503, 82 S. E. 327; *Schwenck* v. *Hess*, 84 W. Va. 111, 99 S. E. 255; *Harrison* v. *Harmon*, 85 W. Va. 538, 102 S. E. 224; *Woodrum Home Outfitting Co.* v. *Adams Express Co.*, 90 W. Va. 161, 110 S. E. 549; *Grocery Co.* v. *Kinser*, 93 W. Va. 172, 116 S. E. 141." *Snyder* v. *Breitinger*, 104 W. Va. 122, 126, 139 S. E. 755, 757. For these reasons, the cause will be remanded with leave to plaintiff, after due notice to defendant and to the divorce commissioner, to establish the required domicile by proper proof if he can, and with direction to the trial court to permit such testimony to be adduced and to confine the new proof below strictly to that point.

On the basis of the evidence before us on the merits, there can be little doubt that the decree of the trial chancellor was justified. Both sides charged adultery. The testimony of the plaintiff's witnesses against the defendant on this question was definite, detailed and convincing. The defendant took the stand and failed to deny any of it. On the other hand, the circumstances relied upon by the defendant to show the adultery of the plaintiff, while possibly furnishing ground for suspicion, by no means satisfied the requirements of proving a charge of such gravity. The record does not show that the trial chancellor was clearly wrong in his finding of fact.

For the reasons stated, the cause will be remanded, without reversal, to the circuit court of Mingo county with direction to proceed according to the tenor of this opinion and the mandate of this court in this cause.

*Remanded.*