JAMES EARL PERSINGER

*v.*

EVELYN FRANCES PERSINGER

(No. 10144)

Submitted September 14, 1949.  Decided October 25, 1949.

Lovins, Judge, not participating.

*J. W. Maxwell,* for appellant.

*Paul J. Carr,* for appellee.

Fox, Judge:

The plaintiff and the defendant were married to each other on March 1, 1946, and lived together as man and wife until the month of July or August, 1947. This suit for divorce from the bonds of matrimony was instituted by the plaintiff by filing his bill on the 15th day of October, 1947, in the Circuit Court of Summers County, and in his bill he charged the defendant with extreme and repeated cruelty. At November Rules, 1947, the defendant filed her answer in the nature of a cross bill, praying for affirmative relief, in which she charged plaintiff with various acts of cruelty, and prayed for a divorce from the bonds of matrimony, for suit money, and temporary and permanent alimony, to which answer and cross bill plaintiff, at December Rules, 1947, filed his replication. On January 13, 1948, the suit was referred to a Commissioner in Chancery who, after holding hearings, at which testimony on the part of both litigants was introduced, made a report in which he recommended that plaintiff be decreed the divorce prayed for in his bill, and holding against the defendant as to her prayer for the divorce, to which report the defendant excepted. On September 14, 1948, a decree was entered in the cause, overruling such exceptions, confirming the Commissioner's report, dismissing the answer of defendant, and granting a divorce to plaintiff as prayed for in his bill. From that decree, this Court, on February 14, 1949, granted this appeal.

It is not necessary to go into detail as to the charges

of cruelty contained in plaintiff's bill and the answer thereto, inasmuch as no question was raised on the pleadings in the case.

Plaintiff attempted to sustain by proof the allegations of his bill, and relies upon several instances of what he terms cruelty. The defendant, from all the evidence, appears to have been of an excitable nature, and sometimes lost control of her temper and gave way to her emotions; and the testimony of the plaintiff is that on one or more occasions she evidenced this lack of control by attempting to divest him of his night clothes and used abusive language. There is no corroboration of these incidents. Therefore, we cannot consider them. There is, however, one act of alleged cruelty which is corroborated by the testimony of one witness. It appears that plaintiff and defendant were in the office of a Justice of the Peace in the City of Hinton, and there was some disagreement between them. The testimony of the plaintiff is that when the defendant was leaving the room she kicked him on the leg or thigh and called him a son-of-a-bitch. This statement of the plaintiff is corroborated by the testimony of a constable who was present at the time and who says that he saw defendant kick the plaintiff, and heard her utter some statement, the purport of which he was unable to understand. It would appear, therefore, that it is established in the case that defendant did on this one occasion, and while in an excited state of mind, make that character of assault upon plaintiff.

The testimony of the defendant is that plaintiff, on one occasion, struck her in the jaw with the heel of a shoe causing what she thinks was a fracture of the jaw, with damage to several of her teeth; and that he pushed or shoved her in such a way as to cause body bruises, following which she was hospitalized for several days. From the testimony of other witnesses, there does not appear to be any question but that defendant was injured to the extent testified to by her; but whether her injuries were inflicted by plaintiff depends solely on her own testimony, and the alleged admission of plaintiff that he had made

such an attack upon her. The plaintiff denies that he ever struck defendant. He says that her injuries were occasioned by her falling on the stairs leading to the apartment they occupied; and there is the testimony of Thelma G. Brandt and Lewis Brandt, husband and wife, who say, in substance, that on the day following defendant's injuries she told them she had sustained her injuries by falling on the stairs. Taking into consideration this testimony, and discarding alleged admissions of plaintiff as inadmissible, it appears that not only was the testimony of the defendant, as to her injuries, not corroborated, but testimony of the two Brandts raises a conflict as to how her injuries were sustained, on which issue the court necessarily found against the contention of the defendant.

We are of the opinion that we are fully justified in saying that divorces are not favored in law in this jurisdiction, nor for that matter, generally throughout the country.

> "Marriage is a relation in which the public is deeply interested and is subject to proper regulation and control by the state or sovereignty in which it is assumed or exists. The public policy relating to marriage is to foster and protect it, to make it a permanent and public institution, to encourage the parties to live together, and to prevent separation. This policy finds expression in probably every state in this country in legislative enactments designed to prevent the sundering of the marriage ties for slight or trivial causes, or by the agreement of the husband and wife, or in any case except on full and satisfactory proof of such facts as the legislature has declared to be cause for divorce. * * *"

17 Am. Jur. 154.

In this State a marriage relationship may be terminated in two ways. First, by suit for annulling a marriage where, in substance, there existed grounds for such dissolution at the date the marriage was entered into, and which are set out in Section 3, Chapter 35, Acts of the Legislature, Regular Session, 1935. The second method is by suit for divorce from the bonds of matrimony on

grounds set out in Section 4 of the Act above mentioned, wherein it is provided that such a divorce may be decreed for adultery, and for other causes stated, including:

> "For cruel or inhuman treatment, or reasonable apprehension of bodily hurt, and a charge of prostitution made by the husband against the wife falsely shall be deemed cruel treatment within the meaning of this paragraph; * * *."

The law on the character of cruelty which justifies a decree for divorce from the bonds of matrimony is well considered in 6 Michie's Jurisprudence 271, wherein it is stated:

> "While the courts are reluctant to grant divorces simply because people have high tempers, quarrel with each other for slight or sufficient reasons and prove incompatible, it is nevertheless true that when the evidence shows cruelty the injured spouse is entitled to the divorce authorized by the statute. The law acts to terminate the relationship between husband and wife only when by misconduct of either husband or wife such relationship has ceased to exist, but the law will not tolerate habitual, repeated or violent cruelty or even its justified apprehension. And a husband, as well as a wife, may maintain a suit for divorce on the ground of cruelty, or reasonable apprehension of bodily harm, but in either case the charge should be clearly proved.
>
> "Cruelty consists of successive acts of ill treatment, if not of personal injury; so that something of a condonation of earlier ill treatment must, in such cases, necessarily take place. It is cumulative, admitting of degrees and augmenting by addition. It may be condoned and even forgiven for a time and up to a certain point, without barring the right to bring it all forward when the continuance of it has rendered it no longer condonable."

Of course, continued mistreatment giving rise to mental anguish, affecting the health, has been many times held to constitute cruelty for which a divorce may be decreed. But in this State, at least, we have never treated single

isolated acts of cruelty, apparently not connected with any other proved act of cruelty, as justifying a divorce. This policy is illustrated by two cases recently decided by this Court. In *Wolfe v. Wolfe,* 120 W. Va. 389, 198 S. E. 209, it was held that an act of cruelty based upon physical violence, provoked by complaining spouse, might prevent that spouse from obtaining relief by way of a divorce. And in *Thacker v. Thacker,* 125 W. Va. 103, 23 S. E. (2d) 64, it was held that:

> "Where a husband who has been married to his wife for over twenty-five years strikes her on the cheek with the open hand, there being no showing of resultant bodily hurt, nor of prior or subsequent similar acts, no ground for an absolute divorce has been established."

These cases merely hold that single acts, either provoked by the complaining party, or being of such a nature that no connection existed between the particular act of cruelty and any other act of like nature, does not justify divorce.

Furthermore, as showing the State's interest in the sanctity of marriage, and its policy to avoid divorces, except upon solid grounds, it is, we think, pertinent to quote Code, 48-2-11, wherein the manner of conducting a suit for divorce is clearly outlined. Such section reads:

> "Such suit shall be instituted and conducted as other chancery suits, except as provided in this article. Process shall not issue until the bill of complaint shall have been filed, which may be done at any time, notwithstanding rules or a term of court are not then being held. All pleadings shall be verified by the party in whose name they are filed; but the bill shall not be taken for confessed, and whether the defendant answers or not, the case shall be tried and heard independently of the admissions of either party in the pleadings or otherwise; and no decree shall be granted on the uncorroborated testimony of the parties or either of them. Costs may be awarded to either party as equity and justice require, and in all cases the court, in its discretion, may re-

quire payment of costs at any time, and may suspend or withhold any order or decree until the costs are paid."

Guided by these principles, we think the trial court was in error in granting a divorce to the plaintiff. The single act of cruelty testified to by him and corroborated by a witness, present at the time, was not, in our opinion, sufficient basis for a divorce; and, of course, the language alleged to have been used, even if there had been full corroboration on that point, would likewise have been insufficient to justify a decree of divorce. This Court cannot adopt the policy of awarding divorces on trivial grounds. Marriage is too solemn and important an institution to be dissolved on such grounds. Taking into consideration the physical and mental state of the defendant at the time, as shown by the record, the act of cruelty testified to on this particular occasion could and should have been condoned; at any rate we hold that it was not sufficient to justify a dissolution of the marriage between the parties.

When we come to the case made out by the defendant, there is no corroboration of her testimony as to the manner in which she suffered the injuries she complains of, and therefore, under the plain provisions of the statute, we cannot grant any relief based thereon. The testimony of the mother of the defendant, that, subsequent to the date of defendant's injuries, the plaintiff admitted that he had inflicted these injuries, cannot be considered because of Code, 48-2-11, quoted above, which provides that "the case shall be tried and heard independently of the admissions of either party in the pleadings or otherwise." So that, even if there were no contradictions of defendant's testimony, we would be compelled to hold that her statements were uncorroborated, and, therefore, not sufficient to warrant the granting to her of a divorce as prayed for in her answer.

We, therefore, reverse the decree of the Circuit Court of Summers County awarding to the plaintiff a divorce

from the bonds of matrimony, and set aside the said decree. We remand the cause to the said court with directions to dismiss the plaintiff's bill, as well as the answer and cross bill of the defendant. No cost shall be taxed to either party.

*Reversed and remanded*
*with directions.*