BRENDA B. MURREDU

*v.*

JOHN SAMUEL MURREDU

(No. 13653)

Decided July 12, 1977.

*Guy R. Bucci* for appellant.

*John V. Esposito* for appellee.

MILLER, JUSTICE:

This is an appeal by a wife from a final divorce decree under which her husband obtained the custody of the three minor children, the right to live in the home property until the youngest child reaches eighteen, and pos-

session of the household furnishings. The decree required the wife to pay $1.00 a month for each child as child support. We affirm in part and reverse in part.

The wife originally filed for divorce in October of 1972 alleging mental cruelty. The husband answered denying her allegation and counterclaimed on the same ground. After a commissioner's hearing, a report was returned to the court recommending that the wife be granted a divorce, custody of the three minor children, and possession of the family home. No action was taken by the trial court on this report.

Approximately three months after the commissioner's report was filed with the court, the husband obtained leave to file an amended answer and counterclaim asserting a new ground for divorce against the wife. The matter was again referred to the commissioner, who in his second report recommended that neither party be granted a divorce, and that the husband be given custody of the three children and the exclusive possession of the home property and the household furnishings.

Both parties filed exceptions to this report. The court, in an opinion letter dated November 21, 1974, essentially confirmed the commissioner's second report, but pointed out that the two-year separation statute[1] would enable the parties to obtain a divorce. The court stated that if either of the parties would file an amended complaint alleging this ground, it would grant a divorce without the taking of any additional evidence. Such amendment

---

[1] W. Va. Code, 48-2-4(a)(7):

"Where the parties have lived separate and apart in separate places of abode without any cohabitation and without interruption for two years, whether such separation was the voluntary act of one of the parties or by the mutual consent of the parties; and a plea of res adjudicata or of recrimination with respect to any other provision of this section shall not be a bar to either party's obtaining a divorce on this ground. If alimony is sought under the provisions of section fifteen [§ 48-2-15] of this article, the court may inquire into the question of who is the party at fault and may award such alimony according to the right of the matter and such determination shall not affect the right of either party to obtain a divorce on this ground; ..."

was filed by the husband to which the wife responded, admitting the two-year separation.

The court, without further hearing, entered the final decree.

Wife's first ground of error is that the requirement of corroboration under W. Va. Code, 48-2-10, applies to a divorce based on the two-year separation ground set out in W. Va. Code, 48-2-4(a)(7). We agree that the statutory corroboration requirement is applicable. There is nothing in the two-year separation statute which would suggest otherwise. The Legislature, at the time it made revisions to the divorce statutes in 1969 adding the two-year separation ground, must have considered the impact of the section requiring corroboration in divorce actions. It is presumed that the Legislature was aware of this Court's uniform holdings that this statute requires some corroboration of the material facts on which the divorce grounds are based. *Finnegan v. Finnegan,* 134 W. Va. 94, 58 S.E.2d 594 (1950); *Persinger v. Persinger,* 133 W. Va. 312, 56 S.E.2d 110 (1949); MARCUM V. MARCUM, 113 W. Va. 374, 168 S.E. 389 (1933). The reason for some corroboration independent of the parties is to prevent collusive divorces. As this Court stated in *Marcum:*

> "Common experience forces the observation that in divorce cases jurisdiction is apt to be, perhaps more frequently than any other fact, the subject of collusion. In view of the public interest in divorce proceedings, we can see no reason for not requiring jurisdictional facts to be both pleaded and proved in strict conformity with the statute in its literal interpretation." 113 W. Va. at 378

Certainly, if the Legislature had intended that no corroboration was necessary on the two-year separation, it could have provided similar language to that found in its recent amendment to W. Va. Code, 48-2-4. There, in establishing a new ground on the basis of irreconcilable differences, the Legislature expressly permitted the court to grant a divorce upon the verified answer of the respondent admitting the existence of irreconcilable dif-

ferences, and stated that "no corroboration of the grounds of such divorce shall be required" in such case.[2]

Here, we are of the view that there was sufficient corroboration of the two-year separation to justify the trial court's finding. This was not a situation where the lower court granted the divorce based solely on the complaint and answer. Two lengthy hearings were conducted before the divorce commissioner and all aspects of this case were hotly contested. The evidence reflects that the parties separated in October of 1972 and remained separated through the entire period up to the final decree of December 6, 1974. While the record does not contain a precise statement of a corroborating witness that two years had transpired, it is clear that as of July, 1974, the parties were still separated and openly hostile.

The wife's second ground of error centers on the court's disposition of the real and personal property. Specifically, she claims that the court had no authority to order that the husband be given exclusive possession of the jointly owned home property until the youngest child reaches eighteen. She also asserts the court erred in awarding all of the furnishings in the home property

---

[2] W. Va. Code, 48-2-4(a)(10):

"If one party to a marriage shall file a verified complaint, for divorce, against the other, alleging that irreconcilable differences have arisen between the parties, and stating the names of the dependent children of the parties or of either of them, and if the defendant shall file a verified answer to the complaint and admit or aver the irreconcilable differences exist between the parties, the court may grant a divorce, but no order of divorce entered pursuant to the provisions of this subsection (a) (10) shall be entered unless sixty days shall have elapsed after the filing of the complaint. In such case no corroboration of the grounds for divorce shall be required. The court may make such order for alimony, for the custody, support and maintenance of children, and for visitation rights as may be just and equitable, or may approve, modify, or reject any agreement between the parties pertaining to alimony, the custody, maintenance and support of children, or visitation rights; such provision shall not affect the right to obtain a divorce upon the ground of irreconcilable differences between the parties to a marriage."

to the husband, as some of the items were her personal property and no hearing was held to determine ownership.

With regard to the granting of exclusive possession of the home property to the husband incident to his obtaining custody of the children, we can find only one case in this jurisdiction that touches on this subject. In *Kinsey v. Kinsey*, 143 W. Va. 574, 103 S.E.2d 409 (1958), the Court made this statement:

> "The decree of the Domestic Relations Court of Cabell County provides that the plaintiff and the infant children shall have 'exclusive use of that certain dwelling house located at 2453 Collis Avenue, Huntington, West Virginia, the house being owned jointly by both parties.', and we find that such is supported by the bill and the evidence adduced at the hearing. This decree does not, as contended by counsel for the appellant, give a life estate in the property to the wife." 143 W. Va. at 582-83

There appears to be statutory authority for permitting this practice under the general statute on alimony and maintenance, W. Va. Code, 48-2-15, which contains this language:

> "For the purpose of making effectual any order provided for in this section the court may make any order concerning the estate of the parties, or either of them, as it shall deem expedient."

W. Va. Code, 48-2-21, gives authority to the divorce court to decree the transfer of real and personal property, as follows:

> "Upon decreeing the annulment of a marriage, or upon decreeing a divorce, the court shall have power to award to either of the parties whatever of his or her property, real or personal, may be in the possession, or under the control, or in the name, of the other, and to compel a transfer or conveyance thereof as in other cases of chancery."

In *State ex rel. Collins v. Muntzing,* 151 W. Va. 843, 157 S.E.2d 16 (1967), this Court held that neither of the foregoing statutes conferred jurisdiction to permit the divorce court to order a sale of real estate owned by the wife. The court expressly noted that the challenged order of sale was "... not entered for the purpose of making effectual an order relating to the maintenance of the parties ..." Implicit in the opinion was the recognition that in certain instances W. Va. Code, 48-2-15, would authorize an order affecting the property of the parties. Essentially this same position was adopted by the Court in *State ex rel. Hammond v. Worrell,* 144 W. Va. 83, 106 S.E.2d 521 (1958).

In the present case, it is clear that the exclusive possession of the home property was given to the husband as a result of his obtaining custody of the children. We interpret W. Va. Code, 48-2-15, as conferring authority on a divorce court to grant exclusive possession of the home property to one spouse incident to obtaining custody of the children. This interpretation was expressly left open in *Muntzing, supra,* and *Worrell, supra.*

We are aware that a partition suit under W. Va. Code, 37-4-1, is available where there is joint ownership of real property. However, as indicated in *Stalnaker v. Stalnaker,* 139 W. Va. 658, 80 S.E.2d 878 (1954), such action is equitable in nature and it must be shown that the interest of the persons owning the land would be promoted by the sale. It would seem that this would afford sufficient protection against a partition suit designed to frustrate a divorce court's award of exclusive possession of the home property to the spouse granted custody of the children.

In those instances where a bona fide showing is made for partition, the granting of the sale of the home property might serve as a proper basis for adjusting a prior award of alimony or child support by the divorce court.

In summary on this point, we conclude that the court did have jurisdiction under W. Va. Code, 48-2-15, to

decree the exclusive possession of the home property to the spouse who was awarded custody of the children.[3]

The wife contends that the trial court erred in its award to the husband of all the household furnishings. It is clear that error was committed on this point. In *Wood v. Wood*, 126 W. Va. 189, 28 S.E.2d 423 (1943), this Court laid down the principle that in the absence of a specific request for possession of enumerated personal property, the trial court is not authorized to award ownership of personal property in a divorce action. No such request was made in the present action.

As this Court noted in *Kinsey v. Kinsey, supra,* even when such a request is made, a party has the right to recover only such items of personal property as he owns and which are in the control or possession of the other party. Such right may be ultimately limited by the provisions of W. Va. Code, 48-2-15, which enables the court to make any order or decree concerning the estate of the parties as an incident to an award relating to alimony, custody and maintenance of the children. *Smith v. Smith*, 134 W. Va. 448, 59 S.E.2d 894 (1950), teaches that such provision is not absolute.

It is understandable, perhaps, that the wife resorted to self-help in attempting to remove some of her personal property from the home after the final decree. The correct procedure would have been to petition the court under W. Va. Code, 48-2-21, to compel the transfer of such property to her. The trial court held the wife in contempt for removing personal property and the same was returned. Since we hold that the trial court erred in awarding all of the household furnishings to the husband, on remand the wife will be entitled to petition the trial court for her personal property which is in the possession of the husband.

The wife also maintains the lower court abused its discretion in awarding custody of the three minor chil-

---

[3] We read *W. Va. Code*, 48-2-21, as not being applicable to jointly owned property.

dren to the husband, as there was no proof that she was an unfit mother. Obviously, one of the most difficult areas in a divorce proceeding centers on who shall have custody of the minor children when the parties are unable to reach agreement on this point. Every judge must echo the statement of Judge Maxwell, who in *Settle v. Settle*, 117 W. Va. 476, 185 S.E. 859 (1936), stated:

> "Nothing else tries a chancellor's soul like questions such as this one where human heartstrings are on tension." 117 W. Va. at 481

Here there was an extensive hearing before the divorce commissioner on the question of custody. The two oldest children, ages 11 and 12, expressed a clear preference to live with their father. The youngest child, age 8, did not give testimony. We have recognized that the guiding principle in matters of custody must be the welfare of the child. *Settle v. Settle, supra; Arnold v. Arnold*, 112 W. Va. 481, 164 S.E. 850 (1932). In *Holstein v. Holstein*, 152 W. Va. 119, 160 S.E.2d 177 (1968), this Court recognized that the wishes of the child, if he is of the age of discretion, should be consulted and due weight given to such wishes. Certainly, the older children were of the age of discretion. It would serve no useful purpose to detail the evidence in this area. We are of the view that the trial court did not clearly abuse its discretion in the question of custody.

Two additional points are raised by the wife. The first is that the trial court erred in requiring her to pay $1.00 a month for each child as support. We agree. There is nothing in the record to support a finding that the wife had income or property sufficient to require her to contribute to the support of the children. The amount ordered makes it apparent that the obligation as set serves no economic purpose. We, therefore, reverse the decree as to the payment of child support on behalf of the wife.

In our view a court may, in the exercise of its sound discretion, based upon the earnings, property and other financial resources, require a wife to contribute to the

support of her children. We see nothing in the divorce statutes which would dictate a contrary result and, in fact, several statutes seem to support this conclusion.

The basic statute relating to child custody and maintenance does not indicate any preference as to which parent is required to pay child support. Under the 1969 amendments to W. Va. Code, 48-2-13 and -16, the Legislature established the equal right of both parents to obtain monetary relief *pendente lite* and alimony. Under the former provisions of W. Va. Code, 48-2-13, only the wife had the right to obtain monetary assistance *pendente lite*. Among those monetary rights was support for the children. Under the statute the husband now has the same right, which would include, in the appropriate case, child support.

Additional support is found in the fact that the non-support statute does not single out the husband as the person who can be charged with nonsupport. It uses the term "parent." W. Va. Code, 48-8-1. Concededly, the State's interest in ensuring that children are supported applies to both parents and this statute alone might not be a sufficient basis to formulate a rule between the parties.

In 1933 the Legislature enacted what is now W. Va. Code, 48-2-16, for the purpose of overturning prior judicial holdings of this Court to the effect that in determining the amount of alimony awarded to a wife, the court could not consider her income and financial status. *See, Sutherland v. Sutherland,* 120 W. Va. 359, 198 S.E. 140 (1938). This is a further indicia that enlightened public policy dictates that consideration be given to the actual economic condition of both parties.

Other courts which have considered this problem under statutes similar to ours have concluded that in suitable situations, a wife may be required to contribute to the financial support of the minor children. *See, Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974); *Allison v. Allison,* 188 Kan. 593, 363 P.2d 795 (1961); *Bruguier v. Bruguier,* 12 N.J. Super. 350, 79 A.2d 497 (1951).

We are aware of prior decisions of this Court which hold that the husband has the primary responsibility to support his minor children. *Brady v. Brady*, 151 W. Va. 900, 158 S.E.2d 359 (1967); *Post v. Post*, 95 W. Va. 155, 120 S.E. 385 (1923); *Norman v. Norman*, 88 W. Va. 640, 107 S.E. 407 (1921). In a practical sense and in the ordinary case, this will be the result where the wife has no income.

Finally, error is claimed in that the lower court permitted the husband, after the institution of the divorce action, to amend his original answer to assert a new counterclaim for divorce. *Brown v. Brown*, 142 W. Va. 695, 97 S.E.2d 811 (1957), is cited for the proposition that a claim cannot be filed for divorce based on evidence that arose after the institution of the original divorce action. *Brown* does not stand for this point, but involved a situation where the evidence used to prove the initial ground for divorce was obtained after the divorce was filed.

Rule 81(a)(2) of the Rules of Civil Procedure makes the Rules applicable to divorce actions with certain enumerated exceptions, primarily that Rules 26 through 37 relating to discovery may not be used except by order of the court.

This means that Rule 15 relating to amended and supplemental pleadings is applicable to divorce actions. This has been at least inferentially recognized in *Brinkley v. Brinkley*, 147 W. Va. 557, 129 S.E.2d 436 (1963). This Court is pledged to the principle that Rule 15 should be liberally construed. *Tennant v. Craig*, ___ W. Va. ___, 195 S.E.2d 727 (1973); *Nellas v. Loucas*, ___ W. Va. ___, 191 S.E.2d 160 (1972). There was no error committed by the trial court in permitting the filing of the amended answer and counterclaim.

For the reasons herein stated, the decree of the trial court, insofar as it relates to the granting of the divorce, the awarding of the exclusive possession of the home property, and custody of the children, is affirmed. Those portions of the decree giving possession of the home

furnishings to the husband and requiring the wife to pay child support are reversed. The case is remanded for such further proceedings as are consistent with this opinion.

*Affirmed in part,*
*reversed in part,*
*remanded.*