RUBY PIERCE

*v.*

HENRY L. PIERCE

(No. 14200)

Decided February 10, 1981.

*Kingery & Nibert and David Nibert* for appellant.

*Duttine, Thomas, Covert, King & Riffee and Gary King* for appellee.

PER CURIAM:

This is an appeal by Henry L. Pierce from a final divorce decree entered by the Circuit Court of Mason County on October 21, 1976, granting a divorce to his wife upon the

finding that he was guilty of cruel and inhuman treatment. The trial court awarded the wife the use and ownership of the household furnishings of the parties, the use and ownership of a 1971 Chrysler automobile, a one-half undivided interest in the mobile home which served as the parties' marital domicile, and $100.00 per week alimony which was to be reduced by one-half of the mobile home payment.[1] The appellant-husband questions the trial court's authority to make such awards and contends the alimony award is excessive.

We first consider the household furnishings award. The wife agrees that the case should be remanded for further proceedings on the issue of the ownership of the household furnishings under *W.Va. Code* 48-2-21, since there was no evidence presented on the issue. We agree that the trial court erred in awarding the wife the ownership of all the household furnishings because even when a specific request for such property is made under *W.Va. Code* 48-2-21, the court has the power to award a party only such items as he owns and which are in the control or possession of the other party. *Murredu v. Murredu*, 160 W.Va. 610, 236 S.E.2d 452 (1977). Here, no evidence was presented as to the ownership of the household furnishings. On remand the parties may petition the trial court under *W.Va. Code* 48-2-21, to determine the ownership and control of specific household furnishings.

We also conclude that the trial court erred in ordering the husband to transfer the automobile to the wife. Our recent decision in *McKinney v. Kingdon*, 162 W.Va. 319, 251 S.E.2d 216 (1979), holding that a spouse in a divorce action may be ordered to give the other possession and use of an automobile and to convey its title, is distinguishable. In *McKinney*, the wife was awarded possession and title to one of the couple's two automobiles but this was only "for the purpose of making effectual that part of the final order granting to her custody of the minor children." *Id.* at 325, 251 S.E.2d at 219. In *McKinney* the Court found that the

---

[1] One-half of the mobile home payment amounted to $14.56, reducing the weekly alimony to $85.44.

wife was given the use of one of the cars as an incident to her transporting the children and accomplishing other trips in connection with the necessities incident to their support. Here, there are no minor children involved and we, therefore, find that the court's award of the automobile does not come within the *McKinney* doctrine. On remand, however, the wife may petition under *W.Va. Code* 48-2-21, if the facts warrant, to establish an equitable ownership interest in the automobile. Because of the acknowledged error of law in connection with the personal property, and because of the erroneous legal conclusion as to the automobile, the court's order must be reversed. Syl. pt. 1, *Burks v. McNeel*, 164 W.Va. 654, 264 S.E.2d 651 (1980).

As to the interest in the mobile home awarded to the wife, appellant's principal argument is that our law does not provide for the transfer of property from one spouse to the other without evidence that the property is owned by one spouse and is in the possession or control of the other spouse. The mobile home in this case was titled in the husband's name and the wife introduced no evidence to establish an ownership interest in the home. The wife, on the other hand, argues that a mobile home is a unique type of personal property, analogous to the automobile in *McKinney*.

Our decision in *McKinney* was specifically limited to automobiles in a particular factual context as discussed above. If there were any analogy, a mobile home could be equated to the house in our *Murredu* decision, *supra*. In any event we are unable to determine from the record on what basis the trial court awarded the wife an undivided one-half interest in the mobile home. The final order attempts to incorporate by reference the trial court's oral findings of fact and conclusions of law, but the transcript of the hearing does not contain any findings or conclusions on the mobile home issue. The trial transcript does not assist us in discerning the factual and legal grounds for the ruling, although counsel represented in oral argument that the mobile home was located on the parties' jointly-owned real property. Since we are unable to properly review this assignment of error and since the case

must be remanded for further proceedings on the other issues in the case, we decline to rule on this issue and conclude that the proper course of action is to remand the case for further evidentiary proceedings on this issue and for findings of fact and conclusions of law as required by Rule 52(a) W.Va. R.C.P. *See,* e.g., Syl. pt. 6, *Parkway Fuel Service, Inc. v. Pauley,* 159 W.Va. 216, 220 S.E.2d 439 (1975).

On remand, the wife should be permitted to petition under *W.Va. Code* 48-2-21 for the purpose of establishing an equitable ownership interest in the mobile home, such as by proving that she contributed a portion of the mortgage payments and, because the mobile home is represented to be located on the jointly-owned real property of the parties, the wife may also attempt to prove that the mobile home has become a part of the realty, and that as such she is entitled to a one-half interest in the mobile home as jointly-owned property. In the event the trial court concludes the wife is not entitled to an interest in the mobile home, the court may consider this change of circumstances as a basis for adjusting its prior alimony award. *Murredu v. Murredu,* 160 W.Va. 610, 236 S.E.2d at 457.

Finally, we conclude the alimony award was clearly not excessive and that portion of the judgment is affirmed.

For the reasons herein stated, we affirm in part, reverse in part, and remand for further proceedings.

Justice Caplan participated and concurred in this decision but departed from the Court prior to the preparation of the opinion. Justice McHugh did not participate in the consideration of this case.

> *Affirmed in part;*
> *reversed in part;*
> *and remanded with*
> *directions.*