298 S.E.2d 144

**Lena Y. SIMMONS**

v.

**Bert C. SIMMONS.**

**No. 15066.**

Supreme Court of Appeals of West Virginia.

Nov. 24, 1982.

Richard W. Cardot, Elkins, for appellant.

John F. Brown, Jr., Brown, Harner & Busch, Elkins, for appellee.

PER CURIAM:

The appellant, Lena Y. Simmons, appeals from a final order of the Circuit Court of Randolph County in which the court ruled that the ownership of personal property claimed by the appellant must be determined in a suit separate from the divorce proceeding involved in the instant appeal. Specifically, the appellant complains that the trial court erred when it refused to hear testimony concerning her alleged ownership of personal and household property in the possession of the appellee, Bert C. Simmons. Additionally, the appellant protests the trial court's finding that certain joint checking and savings accounts were the sole property of the appellee. We agree with the appellant that she is entitled to a determination of the ownership of the disputed personal and household property and that the trial court erred in its finding that the joint banking accounts were the sole property of the appellee. We therefore reverse the decision of the lower court and remand this case for a proper determination of these issues.

The appellant and the appellee were granted a divorce after 45 years of marriage on the grounds of irreconcilable differences, see W.Va.Code § 48–2–4 (1980 Replacement Vol.), on November 5, 1979. Several hearings were held on the issues of alimony and property distribution. The appellant claimed that many of the household furnishings at the former marital residence, where the appellee continued to live, belonged to her. Additionally, the appellant claimed to have an interest in three joint checking and savings accounts totalling $19,908.25 which the appellee claimed to be his separate property. The appellee had withdrawn all the money from these accounts in April and May of 1979.

At one of the hearings, both Mr. and Mrs. Simmons testified as to their contributions into these contested accounts, but the trial court found that "the interest in the joint savings and checking accounts belong [sic] solely to the defendant and plaintiff is not entitled to interest in, nor any of the proceeds thereto." Additionally, the trial court refused to elicit answers from the appellee as to the whereabouts of the money withdrawn from the accounts, even though the appellee failed to list the funds among his assets and protested continually that he was unable to pay the $300 per month alimony awarded to the appellant.[1]

Despite its willingness to make a determination on the ownership of the bank accounts, the trial court refused to hear

---

1. At one point during this action, the appellee was six months in arrears in the payment of alimony to the appellant.

testimony concerning the ownership of the household property claimed by the appellee. The trial judge repeatedly noted that the ownership of this property would have to be determined in a separate suit.

■ The primary issue in this appeal is the propriety of resolving property ownership disputes in conjunction with a suit for divorce. Two sources of statutory power exist for resolving such disputes in divorce proceedings. The first is found in W.Va. Code § 48–2–15 (1980 Replacement Vol.) which governs alimony, maintenance and custody of children. We discussed this statute in Syllabus Point 1, *McKinney v. Kingdon*, 162 W.Va. 319, 251 S.E.2d 216 (1978), where we stated:

Code, 48–2–15, confers on a court in a divorce suit power to make any order or decree concerning the estate of the parties, or either of them, as it may deem expedient, only for the purpose of making effectual any order or decree made in the case relating to the maintenance of the parties, or the custody and maintenance of their children. (Citations omitted.)

The second statutory basis for adjudicating property ownership in divorce actions is found in W.Va.Code § 48–2–21 (1980 Replacement Vol.):

Upon decreeing the annulment of a marriage, or upon decreeing a divorce, the court shall have power to award to either of the parties whatever of his or her property, real or personal, may be in the possession, or under the control, or in the name, of the other, and to compel a transfer or conveyance thereof as in other cases of chancery.

Thus, the Legislature has granted to trial courts the power to determine the ownership of property in divorce actions. However, as noted in Syllabus Point 3, *Murre-*

*du v. Murredu,* 160 W.Va. 610, 236 S.E.2d 452 (1977), the trial court may not enter into such disputes *sua sponte:*

Under the provisions of W.Va.Code, 48–2–21, in the absence of a specific request for possession of enumerated personal property, the trial court is not authorized to award ownership of personal property in a divorce action.

■ It is apparent under the facts before us that the trial court's refusal to determine the ownership of the specified items of personal and household property requested by the appellant contradicts W.Va. Code § 48–2–21 and our decision in *Murredu.* Furthermore, the trial court's ruling that separate proceedings are required to resolve the question of the ownership of the disputed property also contradicts our recent decision in *Patterson v. Patterson,* 167 W.Va. 1, 277 S.E.2d 709 (1981), where we held that "property proceedings may properly be joined with divorce questions." *Id.* at 715. *See also St. Clair v. St. Clair,* 166 W.Va. 173, 273 S.E.2d 352 (1980). We therefore conclude that the appellant is entitled to a hearing on the merits of her claims to personal and household property held by the appellee.

■ We next address the appellant's claim that the trial court erred in finding that the funds deposited in the joint banking accounts were the sole property of the appellee.[2] Under the provisions of W.Va. Code § 31A–4–33 (1982 Replacement Vol.), "[w]hen a deposit is made by any person in the name of such depositor and another ... to be paid to any one of such depositors ... such deposit, and any additions thereto, made by any such persons, upon the making thereof, shall become the property of such persons as joint tenants ...." We discussed this statute at length in *Dorsey v. Short,* 157 W.Va. 866, 205 S.E.2d 687

**2.** Initially, we note that W.Va.Code § 48–2–21, which permits a trial court to award to either of the parties whatever of his or her property may be in the possession or control of the other, is not applicable to jointly owned property. *Murredu v. Murredu, supra,* 160 W.Va. at 617, n. 3, 236 S.E.2d at 457, n. 3. However, exercise of jurisdiction by the court below to determine ownership of the funds deposited in the joint

accounts was proper under W.Va.Code § 48–2–15, which confers upon the court the power to make any order or decree concerning the estate of the parties in order to make effectual its order or decree made in the case relating to maintenance of the parties, since it is apparent from the record that the appellee has not complied with the court's order respecting alimony.

(1974). In *Dorsey* we recognized that when a deposit is made in the form prescribed by W.Va.Code § 31A–4–33 a presumption arises that a joint tenancy has been created. Syllabus Point 3 of *Dorsey* provides:

> Prior to the death of a donor depositor, a rebuttable presumption exists under the provisions of Code, 1931, 31A–4–33, as amended, that the ownership of the funds is joint, a presumption which may be overcome by competent evidence.

However, we further recognized that the establishment of this statutory joint tenancy can be conditional, and that "if the conditions imposed on the joint deposit are not met, the donor may retain control and even complete ownership of the deposit during the donor's lifetime." 157 W.Va. at 873, 205 S.E.2d at 687.

The Court below gave no reasons for its decision that the funds deposited in the joint accounts were the sole property of the appellee. A review of the record indicates that the fact that such funds were contributed by the appellee may have been an important factor. However, this factor is not dispositive of the issue. Under the provisions of W.Va.Code § 31A–4–33 and our holding in *Dorsey v. Short, supra,* once funds are deposited in a joint banking account, they are presumed to be jointly owned. The source of the funds is irrelevant. While the presumption may be rebutted by a showing that the donor depositor did not intend to create a joint tenancy, withdrawal of the funds by the donor depositor does not conclusively rebut the presumption, but merely opens the door to competent evidence that no joint tenancy was originally created. *Dorsey v. Short, supra.* In any event, these issues are questions for the trier of fact. *Id.* Thus, a record of the reasons for the trial court's decision must be made below for this Court to properly fulfill its appellate function.

For the foregoing reasons, we reverse the decision of the Circuit Court of Randolph County finding that the joint banking accounts at issue in this proceeding were the sole property of the appellee, Bert C.

Simmons, and remand this case for a new hearing on the issues of the ownership of the personal and household property claimed by the appellant and her entitlement to share in the funds deposited in the joint accounts.

Reversed and Remanded.