341 S.E.2d 835

**VILLAGE OF BARBOURSVILLE**

v.

**Bill DAVIDSON**

No. 16694.

Supreme Court of Appeals of West Virginia.

March 12, 1986.

**90**

Christopher D. Chiles, Dodrill & Chiles, Huntington, for appellant.

Robert K. Means, Huntington, for appellee.

PER CURIAM:

In this appeal from a final judgment of the Circuit Court of Cabell County, the

1. *W.Va.Code,* 8–14A–3 [1982] provides for a hearing before a hearing board when a municipal police officer or fireman has been investigated by his superiors and that investigation has resulted in the recommendation of some punitive action.

2. A copy of the transcript of the August 31, 1984 hearing is not included in the record before us and according to the appellant has been request-

Village of Barboursville challenges the circuit court's ruling reversing the Village's decision to discharge the appellee, Bill Davidson, from his position as a Barboursville police officer. For the reasons set forth below, we reverse.

On September 24, 1983, the Barboursville Police Department Board of Inquiry held a hearing pursuant to *W.Va.Code,* 8–14A–3 [1982].[1] The record indicates that two court reporters were present at that hearing, one at the instance of the appellee and one at the instance of the Board. After some discussion between the parties the Board's reporter left and the reporter hired by the appellee remained to record the proceedings. The hearing resulted in a recommendation by the Board that Bill Davidson be dismissed as a city police officer. At a meeting of the Barboursville City Council held on October 1, 1983, the members of the council accepted the Board's recommendation and terminated the appellee's employment. The appellee filed a motion for summary judgment by default in the Circuit Court of Cabell County in what has been characterized in the record as an attempt to obtain a copy of a transcript of the hearing for appeal purposes.

Several hearings were held on that motion. At the conclusion of an evidentiary hearing held before the circuit court on August 31, 1984,[2] the court ruled that Jeanne Hall, the official court reporter who transcribed the proceedings before the Board, was an employee of the appellee who had caused her to be present and that her reporting did not constitute an official record of the hearing as required by law. The circuit court held that the appellee was entitled to be reinstated to his former employment with back pay from the date of his discharge.

ed but never received. It is asserted in the appellant's brief that the appellee, his representative, and Jeanne Hall testified at that hearing. Although there were differences in the testimony, there was agreement that both the appellant and appellee had a court reporter present and that at some point it was decided that Ms. Hall would report the hearing.

The Village of Barboursville filed a motion to reconsider on the grounds that an official record was kept by Jeanne Hall and further, that the law does not require specifically that a court reporter be present, only that an official record be kept. On November 16, 1984, the circuit court held a hearing on the motion. Officer Jim Bellomy, a member of the Board of Inquiry, testified that there were two court reporters present at the hearing and that the issue of the two reporters was first raised by the appellee's representative, Patrolman Ray Berry, who suggested that the court reporter hired by the Board leave. The members of the Board permitted their reporter to leave after they were assured by Patrolman Berry that a copy of the transcript would be made available to them.

Corporal Wallace Adkins, another member of the Board of Inquiry, also appeared at the hearing. Corporal Adkins substantiated the earlier testimony of Officer Bellomy that the appellee's representative initially raised the issue of the two court reporters being present and that after some discussion and assurance that the Board could get a copy of the transcript, the court reporter hired by the Board left, and Ms. Hall remained to report the proceedings.

At this hearing it was also disclosed by the attorney for the Board that tape recordings of the hearing had been made by the Board, but those tapes had proved to be unintelligible.

At the conclusion of the hearing, the circuit court denied the appellant's motion to reconsider and affirmed the earlier ruling that the Board of Inquiry hearing was void *ab initio* for lack of an official record.

*W. Va. Code*, 8–14A–3(a) [1982] provides in part:

If the investigation or interrogation of a police officer or fireman results in the recommendation of some punitive action, then, before taking such action the police or fire department shall give notice to the police officer or fireman that he is entitled to a hearing on the issues by a hearing board ... *An official record, including testimony and exhibits, shall be kept of the hearing.* [Emphasis supplied]

■ In the case *sub judice* the circuit court found that because Jeanne Hall, the court reporter who eventually reported the hearing before the Board of Inquiry was an employee of the appellee, her reporting of the hearing did not constitute an official record. We do not agree. The statute requires only that an official record be kept. It does not mandate that a court reporter be present at the instance of the hearing board. Under the circumstances of this case, it would inequitable now to say, after the members of the Board, the appellee and appellee's representative agreed otherwise, that Ms. Hall's work was not official. There are no allegations made that she is not a certified and qualified court reporter. Only that the appellee, as opposed to the Board, caused her to report the hearing. Had the appellee and his representative not elicited the services of a court reporter, then clearly the Board would have been responsible for having an official record made, whether it be by court reporter or otherwise. However, the fact is the appellee brought a court reporter to the hearing and when the issue arose, expressed his desire to have her remain and report the hearing and the Board's reporter leave. We see no point in requiring two court reporters to be present and report the same hearing.

We have often held that " '[i]n reviewing the judgment of a lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.' Syl. pt. 1, *Burks v. McNeel*, 164 W.Va. 654, 264 S.E.2d 651 (1980)." Syllabus Point 1, *Pierce v. Pierce*, 166 W.Va. 389, 274 S.E.2d 514 (1981). We are of the view that the circuit court erred in concluding that no official record of the appellee's case before the Board of Inquiry was kept because it was kept by a court reporter enlisted by the appellee. Under the particular facts of this case, we find nothing wrong with the appellee's reporter reporting the hearing

for both the appellee and the Board of Inquiry.

We note that an issue originally before the circuit court, but left undecided in view of the court's decision that no official record was made, was who should bear the cost of providing a transcript for the appellee's appeal. In its brief, the Village of Barboursville acknowledges that it may be responsible for paying for the transcript. We are of the view that the Village is responsible for the cost of the transcript just as it would have been if the court reporter hired by the Board had reported the hearing. *W. Va. Code*, 8–14A–3(a) [1982] requires that an official record be kept. It does not require the police officer or fireman under investigation to keep the record, nor does it require them to pay for it.

Accordingly, the judgment of the Circuit Court of Cabell County is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.