305 S.E.2d 329

**Terry Dale TRAVIS**

v.

**Donna Kay TRAVIS.**

No. 15577.

Supreme Court of Appeals of West Virginia.

July 8, 1983.

circumstances and in the manner provided in

rules 38 and 39."

Robert S. Baker, Lee H. Adler, Adler & Baker, Beckley, for appellant.

Robert Browning, Jr., Bailey, Worrell & Viers, Pineville, for appellee.

**PER CURIAM:**

Terry Dale Travis appeals the Wyoming County Circuit Court's division of property in his divorce action. We conclude that the trial judge incorrectly awarded the use of the marital home and part of the husband's business and personal property to his ex-wife, and reverse the circuit court.

The appellant and the appellee, Donna Kay Travis, were married on August 22, 1974. At the time of the marriage, the appellee was a widow with two minor children. No children were born of the marriage between the parties. The appellant did not adopt the children from the appellee's previous marriage, although the children lived with them. This fact is critical to the appeal *sub judice* because the trial court awarded the use of the marital home to the wife during the minority of children who were not the appellant's.

During the marriage, the appellant started and ran a business from his home, manufacturing a belt clamping tool which he designed for use in the mines. Until June 12, 1980 the parties lived together on a farm which was purchased and owned jointly. Although the appellee was not employed, she did considerable maintenance work on the house and farm, and cared for the livestock.

The marriage foundered, however, and on June 13, 1980 the appellant filed a complaint for divorce. The appellee counterclaimed for a divorce as well. Each asked for possession of the house and property, furnishings, livestock, farm truck and tractor with attachments, a 1978 Ford Bronco; one-half of their joint savings, clothing and personal effects. In addition, the appellant asked for possession of his business tools, equipment and fixtures. The appellee sought alimony, payment of her attorney fees and court costs, and one-half of the appellant's business, alleging that she had helped establish and fund it.

On June 27, 1980 the circuit court awarded appellee temporary alimony of $250 per month; possession of the house and property, furnishings, equipment, livestock, the Bronco, truck and tractor with attach-

ments. The court awarded appellant his business tools, equipment and records, clothing and personal effects; and ordered him to pay the appellee's attorney fees of $450. Certificates of Deposit in the sum of $18,000 were divided equally between the parties.

On January 30, 1981 the court entered the final decree granting the parties a divorce on the grounds of irreconcilable differences. The court found inequitable conduct on the part of the appellant, and ordered him to pay appellee $300 per month as alimony. The court further awarded the appellee exclusive ownership of the household contents, and possession of the home and real estate until her younger child reaches 18 years of age, at which time the parties may partition the property and divide the proceeds. The livestock was awarded to the appellee, with all other personalty to be divided equally between them.

The court denied appellant's motion for a new trial, but entered an amended decree on May 6, 1981 providing that the appellant's business properties belonged solely to him. The appellant was also unsuccessful in his attempt to modify the alimony award, on the ground that appellee had been restored to Social Security survivor's benefits. In December, 1981 he petitioned the court for his business and personal property still in the possession of the appellee, submitting a list of those items as an exhibit. By order of January 18, 1982 the court awarded appellant certain items on the list, granting the remainder to the appellee.

■ The appellant now contends that the trial court erred in: granting ownership of the jointly-owned household furnishings and livestock to the appellee; awarding her possession of the jointly-owned real estate; refusing to reconsider an excessively high alimony award; and, awarding a portion of his business and personal property to the appellee.

" 'Code, 48–2–15, confers on a court in a divorce suit power to make any order or decree concerning the estate of the parties, or either of them, as it may deem

expedient, only for the purpose of making effectual any order or decree made in the case relating to the maintenance of the parties, or the custody and maintenance of their children.' Syllabus point 1, *McKinney v. Kingdon,* 162 W.Va. 319, 251 S.E.2d 216 (1978)." Syl. pt. 1, *Simmons v. Simmons,* 171 W.Va. 170, 298 S.E.2d 144 (1982).

Under *W. Va. Code,* 48–2–15 [1980], a trial court may award the exclusive use of jointly-owned home property to a spouse incident to obtaining custody of the children. *Murredu v. Murredu,* 160 W.Va. 610, 236 S.E.2d 452 (1977). When appropriate, the court may also grant possession of jointly-owned real property to a spouse for the purpose of effectuating an alimony award, regardless of any child custody question. *See Stillings v. Stillings,* 167 W.Va. 796, 280 S.E.2d 689, 690 (1981), n. 1; *Patterson v. Patterson,* 167 W.Va. 1, 277 S.E.2d 709, 712 (1981), n. 1.

■ In the instant case, we have no findings of fact nor conclusions of law to guide us. However, it is obvious from the language used that the court's purpose in granting possession of the marital home to the appellee was to provide for the support and maintenance of her minor children, and not for the appellee's support. In so doing, the court was clearly wrong; the appellant cannot be required to support children that are not his.

■ We are further of the opinion that the lower court erred in granting appellee ownership of all the household furnishings. Despite the allegations of joint ownership in the pleadings, the testimony of the parties showed that each had brought certain furnishings to the marriage as his or her separate property. Others, perhaps, were acquired jointly during the marriage. However, the court had no authority to grant appellee ownership of those furnishings belonging to the appellant.

■ The appellant also complains of the trial court's refusal, without a hearing, to consider his petition for modification of the alimony award. Ordinarily, a trial court's judgment with respect to alimony will not be disturbed by this Court absent a clear

abuse of discretion. *E.g., Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). The appellant never actually filed a petition for modification, but told the judge that he intended to; the judge apparently refused to give him a hearing. We decline to find an abuse of discretion in the trial court's somewhat ambiguous ruling. Our decision does not, however, prevent appellant from seeking a modification of the alimony award by proper petition, based upon a substantial change in the financial circumstances of the parties.

█ Finally, the appellant contends that the trial court improperly awarded some of his personal and business property to the appellee. If the court did make such an award, it was clearly improper. *W.Va. Code*, 48-2-21 [1969] provides:

"Upon decreeing the annulment of a marriage, or upon decreeing a divorce, the court shall have power to award to either of the parties whatever of his or her property, real or personal, may be in the possession, or under the control, or in the name, of the other, and to compel a transfer or conveyance thereof as in other cases of chancery."

Under this section, where a specific request for enumerated personal property is made, a party has the right to recover such items of personal property as he owns which are in the control or possession of the other party. *See Murredu v. Murredu*, 160 W.Va. 610, 236 S.E.2d 452, 457 (1977). Such a request was made by the appellant; however, the court declined to return some of the requested property to him. We have no transcript of the hearing on this petition, nor does the court's order contain any findings as to ownership of the property. The appellant contends that some of it was his business and personal property, and the appellee does not dispute that here. We assume, therefore, that his allegations are correct, and hold that the trial court erred in refusing to return those items to him.

For the foregoing reasons, the judgment of the Circuit Court of Wyoming County is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.