338 S.E.2d 233

**Carole Sue FISCHER**

v.

**Clarence Samuel FISCHER.**

**No. 16568.**

Supreme Court of Appeals of West Virginia.

Dec. 17, 1985.

**754**

Robert L. Godbey, Huntington, for appellant.

James E. Nelson, Nelson, Hager & Pancake, Huntington, for appellee.

BROTHERTON, Justice.

This is an appeal from a final order of the Circuit Court of Wayne County dated the 14th day of February, 1984, granting the appellant, Carole Sue Fischer, a divorce from her husband of twenty years, the appellee, Clarence Samuel Fischer, and making a division of the parties' property. While both parties appear to want the marriage terminated, no agreement could be reached on the distribution of property, and this is the subject of the present appeal. We hold that the circuit court erred in the distribution of the property and reverse.

The Fischers were married on the 16th day of December, 1963, and lived in Wayne County, West Virginia. At the time of the divorce, they had two children, John, sixteen, and Michael, thirteen. The divorce was on the ground of irreconcilable differences. Evidence taken before a commissioner showed that Mrs. Fischer owned one third of an automobile business where she worked, and that Mr. Fischer was a self-employed barber. The two also ran a small, twenty-seven and one-half acre farm, on which they raised a few head of cattle. The farm was also the site of the marital dwelling, a trailer, and a small house, which the parties were remodeling. In addition, the parties owned a trailer court and related houses and the barber shop property.

In its order dividing the parties' property, the circuit court ordered, among other things:

(1) That the parties live in separate dwellings on the twenty-seven and one-half acre property;

(2) That they share the same barn;

(3) That they share the farm lands, with Mrs. Fischer having control of the land, but Mr. Fischer being able to keep two head of cattle on the property;

(4) That no partition of the jointly owned real estate will be allowed until the youngest child turns eighteen, including the barber shop, for which Mr. Fischer will pay $50.00 to Mrs. Fischer as rent for her undivided one-half interest;

(5) That a sale of certain farm implements to a third party, John Lemley, was valid and, therefore, the implements were his property; and

(6) That Mrs. Fischer was not entitled to any of the proceeds from cattle purchased by Mrs. Fischer and maintained by Mr. Fischer during their married life.

Mrs. Fischer contends that the trial court erred in unduly restricting the partitioning of joint property; granting the farm implements to a third party; and awarding the entire proceeds from the sale of the cattle to Mr. Fischer. We agree with the appellant's last contention and reverse the decision of the trial court.[1]

## I.

■ When parties are separated by divorce, it is best, to the extent possible, for them to be completely separated. Courts have said, for example, that property division which leaves the parties to a divorce as tenants in common to property which can be divided should be avoided in the interest of preventing unnecessary extension of disputes and ill feelings. *See Corder v. Corder*, 546 S.W.2d 798 (Mo.App. 1977). Nevertheless, there are two situations in which partition may not be appropriate. The first is when the best interests of the children of the marriage demand that certain items not be partitioned. *See Murredu v. Murredu*, 160 W.Va. 610, 616–17, 236 S.E.2d 452, 457 (1977). The second exception is where economic considerations override the need for a partition. *See, e.g., Corder v. Corder, supra*, 546 S.W.2d at 805.

■ Both exceptions are present in this case. A partitioning of the barber shop may require a sale of the property, which would leave Mr. Fischer temporarily without income. He might, therefore, not be able to keep up his part in supporting the children. Thus, the trial judge was within his discretion in finding that economic considerations outweighed the need for partition. Further, the best interests of the children might not be served by partitioning the farm.. The farm is the home place for the children. A partition might displace them from their home. This Court recognized the need to avoid such displacement in syl. pt. 2 of *Murredu v. Murredu, supra*, when it held that the trial court may award the occupancy and use of the home property to the custodial parent incident to a custody award. The trial court in this case realized that it would only be a few years before both children were 18 and, therefore, wisely ordered that the tramatic changes brought about by partitioning be put off until then.

■ We also find no error in the trial court's award of certain farm implements to a third party, John Lemley. Although it is well established that a court may not grant judgment in favor of a stranger to the lawsuit,[2] such is not the case in this situation. Here the court refrained from awarding the property to either party on the ground that the property belonged to Mr. Lemley. No judgment was entered in Mr. Lemley's behalf. Because the trial court obviously cannot award property to either party in the divorce if neither own an interest in it, we affirm the decision of the trial court on this issue.

## II.

■ Although we agree with the majority of the trial court's decisions in this case,

---

1. The appellant also cited numerous other assignments of error, which we find to be groundless.

2. Judgments are only binding on parties or their privies and not on strangers in the action. *See, e.g., Bland v. Stewart*, 35 W.Va. 518, 520, 14 S.E. 215, 215–16 (1891).

we disagree with its decision regarding the distribution of the proceeds from the sale of certain cattle. The cattle were purchased by Mrs. Fischer and raised by Mr. Fischer, but the trial court awarded all of the proceeds to Mr. Fischer. Absent compelling evidence of a gift,[3] the purchase of the cattle by Mrs. Fischer, to be raised by Mr. Fischer, appears to be .a joint enterprise, and, therefore, Mrs. Fischer should be entitled to one-half of the proceeds. In syl. pt. 2 of *LaRue v. LaRue,* 172 W.Va. 158, 304 S.E.2d 312 (1983), we held in part: "The doctrine of equitable distribution permits a spouse, who has made a material economic contribution toward the acquisition of property which is titled in the name of or under the control of the other spouse, to claim an equitable interest in such property in a proceeding seeking a divorce...." Certainly Mrs. Fischer's purchase of the cattle was a material economic contribution to the joint enterprise. We, therefore, reverse the decision of the trial court insofar as it awards all of the proceeds from the sale of the cattle and remand with instructions to award Mrs. Fischer one-half of the proceeds from the sale.

Reversed and remanded with directions.

---

**3.** Had Mrs. Fischer purchased a dog and given it to Mr. Fischer to raise, we would assume the dog was a gift. Cows, however, are not normally given as pets.