# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Dr. Robby Keith and Dr. John Deel**
**Defendants Below, Petitioners**

**vs) No. 15-0223** (Kanawha County 14-C-1705)

**Christine Lawrence, Administratrix of the**
**Estate of Rondall L. Lawrence, Jr.**
**Plaintiff Below, Respondent**

**FILED**

November 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Dr. Robby Keith and Dr. John Deel, by counsel Karen H. Miller and Robert A. Hogue, appeal the February 2, 2015, order of the Circuit Court of Kanawha County, denying their motions to dismiss respondent's medical malpractice claims. Respondent Christine Lawrence, Administratrix of the Estate of Rondall L. Lawrence, Jr., by counsel James D. Stacy II, responds in support of the circuit court's order. Petitioners submitted a reply. The parties jointly submitted a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent's claims against petitioners herein arise from the October 20, 2012, death of respondent's husband, Rondall L. Lawrence, Jr. At the time of his death, Mr. Lawrence was a patient at Charleston Area Medical Center ("CAMC"). Mr. Lawrence was initially treated at CAMC, on April 16, 2012, at which time he complained of shortness of breath. As his respiratory issues persisted, a team of doctors (including petitioners) performed several tests and medical procedures upon Mr. Lawrence, in an effort to diagnose and treat him, including a May 1, 2012, lung biopsy. Following the lung biopsy, Mr. Lawrence went into respiratory distress, that required he undergo tracheostomy and be placed on a ventilator.[1] From that point, until the time of his death, Mr. Lawrence remained hospitalized. The cause of the Mr. Lawrence's death, as listed on his death certificate, was respiratory failure due to a "CVA" or cerebrovascular accident (commonly referred to as a stroke).

---

[1]During his post-biopsy hospitalization, Mr. Lawrence developed subcutaneous emphysema, pneumonia, and renal failure.

1

On August 5, 2014, respondent individually served, via certified mail, notices of claim and screening certificates of merit upon petitioners, as required by West Virginia Code § 55-7B-6.[2] In a September 2, 2014, letter, Petitioner Keith's counsel advised respondent that the certificate of merit served upon him was deficient, and asked that respondent address and correct the deficiencies of the certificate. By letter dated September 4, 2014, Petitioner Deel's counsel likewise advised respondent that the certificate of merit served upon him was similarly deficient, and also requested correction of the deficiencies. In these letters, petitioners claimed that respondent's certificates of merit failed to meet the requirements of West Virginia Code § 55-7B-6(b), and that respondent's expert (Dr. Singer) was unqualified to render an opinion as to the alleged malpractice of petitioners. In response to petitioners' letters, on September 8, 2014, respondent's counsel met with petitioners' counsel.[3]

On September 10, 2014, petitioners' counsel again wrote to respondent and asked that the alleged deficiencies in the certificates of merit be corrected.[4] On September 15, 2014, respondent filed her complaint against petitioners.[5] In October of 2014, petitioners filed motions to dismiss respondent's complaint, pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, and argued that respondent's screening certificates of merit did not satisfy the requirements of West Virginia Code § 55-7B-6(b). A hearing was held on petitioners' motions, and on February 2, 2015, the circuit court entered its order denying said motions.[6] It is from the February 2, 2015,

---

[2]West Virginia Code §§ 55-7B-1 through -12 are collectively known as the Medical Professional Liability Act ("MPLA"). The certificates of merit served upon petitioners by respondents were separate as to each individual physician. The certificates were each signed by Barry Singer, M.D., a board certified internal medicine physician, with a subspecialty in hematology and oncology.

[3]Respondent alleges that during this meeting, her counsel: explained to petitioners' counsel, how and why Dr. Singer was qualified to render an opinion in this matter; defended the sufficiency of the certificates of merit served upon petitioners; and argued that the certificates satisfied the spirit of the MPLA.

[4]Respondent describes that petitioners' counsel's September 10, 2014, letter was "at best a recitation of a factual disagreement that can only be resolved through discovery and litigation."

[5]In addition to petitioners, CAMC and the West Virginia University Board of Governors ("WVUBOG") were also named as defendants in the underlying action. Neither CAMC nor WVUBOG are involved in the instant appeal.

[6]In the instant case, the circuit court, found that respondent's certificates of merit were "particular as to [her expert's] familiarity; [her expert's] qualifications; how the breach occurred; when the breach occurred; who breached [sic] the applicable standard of care; and how the breach resulted in complications causing [respondent's] decedent's death, thereby satisfying the requirements of West Virginia Code § 55-7B-6(b)."

2

order that petitioners now appeal.

We address, as a threshold matter, whether the circuit court's February 2, 2015, order is an appealable order. Under West Virginia Code § 58-5-1, appeals before this Court may only be taken from the final decisions of a circuit court. This rule, commonly referred to as the "rule of finality," is designed to prohibit "piecemeal appellate review of trial court decisions which do not terminate the litigation [.]" *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). In *Robinson v. Pack*, 223 W.Va. 828, 832, 679 S.E.2d 660, 664 (2009), we discussed exceptions to the rule of finality, which include "interlocutory orders which are made appealable by statute or by the West Virginia Rules of Civil Procedure, or . . . [which] fall within a jurisprudential exception" such as the "collateral order" doctrine. As we explained in *James M.B. v. Carolyn M.*, 193 W.Va. 289, 293 n.4, 456 S.E.2d 16, 20 n.4 (1995), the "collateral order" doctrine

> was set forth by the United States Supreme Court in *Cohen* [*v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)]. In *Durm* [*v. Heck's, Inc.*], 184 W.Va. [562] at 566 n.2, 401 S.E.2d [908] at 912 n.2 [(1991)], we noted the doctrine as an exception to the federal interpretation of Rule 54(b), and we said that under *Cohen,* "[a]n interlocutory order would be subject to appeal under this doctrine if it '(1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.' [internal citations omitted]"

In the instant case, petitioners argue that the circuit court's February 2, 2015, order met each of the requirements of the collateral order doctrine, and established this Court's jurisdiction to hear petitioners' appeal. Specifically, petitioners contend that the February 2, 2015, order conclusively determined the disputed controversy of the sufficiency of the certificates of merit (and, thus, the circuit court's jurisdiction); resolved an important issue completely separate from the merits (whether respondent's certificates of merit were in compliance with the pre-suit notice requirements of the MPLA); and was effectively unreviewable on appeal from a final judgment (as to hold otherwise would require petitioners to await the outcome of case before seeking a decision on the lower court's jurisdiction, effectively stripping petitioners of the protections afforded by the MPLA). Based upon our review of the record before us, and under the limited facts and circumstances of this case, we agree with petitioners, and find that, under the application of the collateral order doctrine, petitioners' appeal is properly before this Court.[7]

---

[7]In *State ex rel. Arrow Concrete Co. v. Hill*, 194 W.Va. 239, 245 n.5, 460 S.E.2d 54, 60 n.5 (1994), we noted that "[an] appeal [of denial of a motion to dismiss for failure to state a claim] is available in a few special circumstances to protect rights that are defined as rights intended to protect against the burden of trial rather than simply to protect against the entry of judgment . . . ." (citing Charles Alan Wright et al., *Federal Practice and Procedure* § 3914.1 at 493 (2d ed. 1992)).

Having resolved the threshold question regarding jurisdiction, we now turn to petitioners' assignment of error. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995). "Where the issue on appeal from the circuit court is clearly a question . . . involving interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). On appeal, petitioners argue that the circuit court improperly determined that the certificates of merit served upon them by respondent satisfied the requirements of West Virginia Code § 55-7B-6(b).

West Virginia Code § 55-7B-6(b) requires that a certificate of merit

> shall state with particularity: (1) the expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.

Petitioners contend that respondent's certificates of merit were deficient in that they did not address: (1) respondent's expert's familiarity with the standard of care; (2) respondent's expert's qualifications to offer an opinion on the care provided by petitioners; (3) how the standard of care was breached; and (4) how the alleged breach of the standard of care resulted in the death of respondent's husband. Conversely, respondent argues that its certificates of merit satisfied the requirements of West Virginia Code § 55-7B-6(b), and the spirit and purpose of the MPLA.

We have, on several prior occasions, addressed the pre-suit requirements of the MPLA. In syllabus point six of *Hinchman v. Gillette*, 217 W.Va. 378, 618 S.E.2d 387 (2005), we held, that

> in determining whether a notice of claim and certificate are legally sufficient, a reviewing court should apply *W.Va. Code*, 55-7B-6 [2003] in light of the statutory purposes of preventing the making and filing of frivolous medical malpractice claims and lawsuits; and promoting the pre-suit resolution of non-frivolous medical malpractice claims. Therefore, a principal consideration before a court reviewing a claim of insufficiency in a notice or certificate should be whether a party challenging or defending the sufficiency of a notice and certificate has demonstrated a good faith and reasonable effort to further the statutory purposes.

In syllabus point four of *Elmore v. Triad Hospitals, Inc.*, 220 W.Va. 154, 640 S.E.2d 217 (2006), we determined that "[t]he requirement of a pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the courts." (citation omitted). Applying our rulings in *Hinchman* and *Elmore* to petitioners' claims herein, we find that respondent's screening certificates of merit satisfied the requirements of West Virginia Code § 55-7B-6(b).

4

The certificates of merit served by respondent (upon petitioners) were particular as to respondent's expert's familiarity with the applicable standard of care; his qualifications; his opinion as to how the applicable standard of care was breached; and how the breach resulted in the death of respondent's decedent. The record further reveals that respondent was conscientious in addressing petitioners' allegations of deficiencies in the certificates of merit, including meeting with petitioners' counsel to explain the certificates of merit and providing supporting medical records to petitioners. Accordingly, we find that respondent has demonstrated a good faith and reasonable effort to further the statutory purposes of the MPLA, as required by *Hinchman*. To hold otherwise would restrict or deny respondent's access to the court, in direct contravention to the intent of the MPLA, as explained in *Elmore*.[8]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPERATELY:**

Justice Robin Jean Davis

Davis, J., dissenting:

In this medical malpractice proceeding, the Petitioners filed motions to dismiss the Respondent's complaint on the grounds of that the Respondent's certificates of merit were

---

[8]As Justice Davis, reasoned in her concurring opinion in *Hinchman*, 217 W.Va. at 396, 618 S.E.2d at 405, in cases proceeding under the MPLA,

> [p]laintiffs must be afforded sufficient time to develop cases, and the screening certificate of merit, filed pre-lawsuit, simply does not afford sufficient maturation of the issues. In the majority of cases, simply reading medical records will not be sufficient for an expert to render a bonafide opinion. One of the most critical pieces of evidence used by a medical malpractice expert in rendering an opinion is the deposition testimony of the defendant and all persons assisting in the rendering of the services to the plaintiff.

5

insufficient. The circuit court entered an interlocutory order denying the motions to dismiss. The Petitioners appealed from the circuit court's interlocutory ruling. The majority opinion has determined that the appeal was proper and affirmed the denial of the motions. For the reasons set out below, I must dissent from the determination of the majority opinion that a defendant may appeal from an interlocutory order denying a motion to dismiss for insufficiency of a certificate of merit.[1]

We have repeatedly explained that this Court's appellate jurisdiction extends only to final judgments. *See McDaniel v. Kleiss*, 198 W.Va. 282, 284, 480 S.E.2d 170, 172 (1996) ("Since the circuit court's order . . . is interlocutory and not subject to appeal, we find the petition for appeal was improvidently granted and accordingly dismiss the same for lack of appellate jurisdiction."); *Sipp v. Yeager*, 194 W.Va. 66, 67, 459 S.E.2d 343, 344 (1995) ("[T]he circuit court's decision is an interlocutory rather than a final order and therefore, we dismiss this appeal as improper before this Court."). This Court's jurisdictional authority to address the ruling of a circuit court was set out in syllabus point 3 of *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995), as follows:

> Under W. Va. Code, 58-5-1 [1998], appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

It has been held that "[t]he required finality is a statutory mandate, not a rule of discretion." *Province v. Province*, 196 W.Va. 473, 478, 473 S.E.2d 894, 899 (1996). "This rule, commonly referred to as the 'rule of finality,' is designed to prohibit piecemeal appellate review of trial

---

[1]I wish to reiterate my previously stated position "that the certificate of merit requirement violated the Separation of Powers/Rule-making Clauses and the Certain Remedy Clause of the West Virginia Constitution." *Hinchman v. Gillette*, 217 W.Va. 378, 387, 618 S.E.2d 387, 396 (2005) (Davis, J., concurring).

court decisions which do not terminate the litigation[.]" *James M.B.*, 193 W.Va. at 292, 456 S.E.2d at 19 (internal quotations and citation omitted). When there is no finality of the judgment, this Court generally does not have authority to review the merits of a case.[2] *See Coleman v. Sopher*, 194 W.Va. 90, 94, 459 S.E.2d 367, 371 (1995) ("The usual prerequisite for our appellate jurisdiction is a final judgment, final in respect that it ends the case."). In the instant case, the order denying Petitioners' motions to dismiss was not a final judgment disposing of the case. Therefore, the order remained interlocutory and was not subject to review by this Court.

As I have indicated, "ordinarily the denial of a motion to dismiss is an interlocutory order and, therefore, is not immediately appealable." *Credit Acceptance Corp. v. Front*, 231 W.Va. 518, 522, 745 S.E.2d 556, 560 (2013) (internal quotation and citation omitted). However, we have also recognized that an appeal may be taken from "an interlocutory order approximating a final order in its nature and effect." *Guido v. Guido*, 202 W.Va. 198, 202, 503 S.E.2d 511, 515 (1998). *See also Nat'l Union Fire Ins. Co. of Pittsburgh v. Miller*, 228 W.Va. 739, 746, 724 S.E.2d 343, 350 (2012). Pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure, an otherwise interlocutory order may be designated as final for appeal purposes. Rule 54(b) states, in part, that a circuit court

---

[2]"[O]ur modern practice is to allow the use of prohibition, based on the particular facts of the case, where a remedy by appeal is unavailable or inadequate, or where irremediable prejudice may result from lack of an adequate interlocutory review." *McFoy v. Amerigas, Inc*., 170 W.Va. 526, 532, 295 S.E.2d 16, 22 (1982). *See also State ex rel. Chafin v. Halbritter*, 191 W.Va. 741, 743-44, 448 S.E.2d 428, 430-31 (1994) ("[P]rohibition may be substituted for a writ of error or appeal when the latter alternatives would provide an inadequate remedy."). In addition to seeking a writ of prohibition, the Petitioners ultimately could have appealed the denial of their motions to dismiss if an adverse final judgment was entered against them. *See* Franklin D. Cleckley, Robin Jean Davis and Louis J. Palmer, Jr, *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 12(b)(6), pg. 391 (2012) ("Of course, where there is an appeal of a final judgment, a party may assign error to the denial of a motion to dismiss[.]").

7

may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Interpreting this rule, we have held that "[a]n otherwise interlocutory order that is not expressly certified as final by using the language required by Rule 54(b) of the West Virginia Rules of Civil Procedure remains interlocutory[.]" Syl. Pt. 3, in part, *Hubbard v. State Farm Indemn. Co.*, 213 W.Va. 542, 584 S.E.2d 176 (2003). In the instant case, the order denying Petitioners' motions to dismiss did not, either in express language or implicitly, indicate that it was intended to be a final and appealable order. Therefore, the order remained interlocutory and was not subject to review on the merits by this Court. *See Walker v. Option One Mortgage Corp.*, 220 W.Va. 660, 667, 649 S.E.2d 233, 240 (2007) (Davis, C.J., dissenting) ("The order denying the defendants' motion to add a counterclaim and implead a third party was a nonappealable interlocutory order.").[3]

　　　　As a result of the majority's decision to hear the merits of this appeal, I am concerned that this Court will be flooded with appeals by defendants from interlocutory orders denying motions to dismiss on certificate of merit grounds. Even though the majority's decision correctly addresses the requirements for a certificate of merit,[4] the majority has, nevertheless, accepted an improper appeal from an interlocutory order. Therefore, I must dissent

---

[3]I would also note that the circuit court's order in this case did not satisfy the collateral order doctrine. This Court has observed that "[a]n interlocutory order would be subject to appeal under this doctrine if it (1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the actions, and (3) is effectively unreviewable on appeal from a final judgment." *Robinson v. Pack*, 223 W.Va. 828, 832, 679 S.E.2d 660, 664 (2009) (internal quotation marks and citation omitted). The circuit court's order was not unreviewable on appeal.

[4]The requirements for certificates of merit summarized by the majority in this case derived from West Virginia Code 55-7B-6B; *Hinchman v. Gillette*, 217 W.Va. 378, 387, 618 S.E.2d 387, 396 (2005); and *Elmore v. Triad Hospitals, Inc.*, 220 W.Va. 154, 640 S.E.2d 217 (2006).